

**Ministry of Justice**
Republic of Korea

Attorney General
Department of Justice
United States of America

## Supplement to Request for Extradition of YOO Hyuk Kee

I, Choo Mi Ae, the Korean Minister of Justice,

1. on behalf of the Korean government, made the request for the extradition of YOO Hyuk Kee, currently under investigation for alleged violation of *Act on the Aggravated Punishment, Etc. of Specific Economic Crimes* (Embezzlement), etc. pursuant to the Treaty on Extradition between the Republic of Korea and the United States of America.

2. hereby confirm that the Korean government certifies this supplementary document on the request for the extradition by scaling, signing and impressing the official seal of the Korean Minister of Justice on this document.

Seoul, Republic of Korea

January 6, 2021

Choo, Mi Ae
Minister of Justice, Republic of Korea
(Sealed by Minister of Justice)

Kim, Yoon-Sun
Director, International Criminal Affairs Division
(Duly authorized by the Minister)

# STATEMENT OF CONFIRMATION

I, KWON Geun-hwan, Prosecutor of Incheon District Prosecutors' Office in Korea, hereby certify the following supplementary information in support of the request for extradition of YOO Hyuk Kee from the United States of America to the Republic of Korea pursuant to the Extradition Treaty between the Republic of Korea and the United States of America.

I, KWON Geun-hwan, am a public prosecutor at Incheon District Prosecutors' Office ("Incheon DPO") under the Korean Ministry of Justice. Since my appointment on May 6, 2013, I have been working as a prosecutor of the Republic of Korea. I understand the criminal laws and criminal procedures of Korea thoroughly based on my training, experience and position. As the prosecutor in charge of this case, I certify the following supplementary information.[1]

## 1.    Summary

1.1.    The defense counsels of YOO Hyuk Kee claim that the statute of limitations was not tolled as YOO Hyuk Kee did not flee from Korea; and there were mistranslations from Korean to English regarding the Korean phrase of "명목으로."

1.2.    However, as described in a detailed manner below, the statute of limitations has been tolled because it is acknowledged that YOO Hyuk Kee stayed abroad for the

---

[1] Under the Romanization rules of Korean, English spelling of Korean names may vary. We follow the English spelling of Korean witnesses on the Memorandum of Attorneys for Defendant YOO Hyuk Kee for convenience's sake.

purpose of fleeing from justice. Moreover, pursuant to the *Criminal Procedure Act*, the limitation period was suspended from the prosecution of the accomplices of YOO Hyuk Kee to the finalization of the judgements against them.

1.3. In terms of the meaning and form and the contexts of the Korean word of "명목" was used in the statements, there is no problem regarding the translation of "명목으로" into "under the pretext."

## 2. Statute of Limitations for YOO Hyuk Kee's Extraditable Crimes

2.1. The offense for which YOO Hyuk Kee was sought for extradition is violation of the *Act on the Aggravated Punishment, Etc. of Specific Economic Crimes* (Embezzlement) and its statute of limitations expires after March 30, 2029[2].

---

■ **Relevant Laws**

**1. Embezzlement**

**Article 355 of the *Criminal Act* (Embezzlement and Breach of Trust)**

(1) A person who, having the custody of another's property, embezzles or refuses to return it, shall be punished by imprisonment for not more than five years or by a fine not exceeding 15 million won.

**2. Violation of the *Act on the Aggravated Punishment, Etc. of Specific***

---

2 The statute of limitations of 15 years begins to run from around March 2014 when YOO Hyuk Kee completed his criminal acts.

*Economic Crimes* (Embezzlement)[3]

**Article 3 of the *Act on the Aggravated Punishment, Etc. of Specific Economic Crimes* (Aggravated Punishment for Specific Property Crime)**

(1) Any person who commits crimes as prescribed in Article 347 (Fraud), Article 347-2 (Fraud by Use of Computer, etc.), 350 (Extortion), 350-2 (Special Extortion), 351 (limited to habitual offenders as prescribed in Articles 347, 347-2, 350, and 350-2), **355 (Embezzlement and Breach of Trust)** or 356 (Occupational Embezzlement, Occupational Breach of Trust) of the Criminal Act shall be aggravatingly punished as follows if the value of the goods or profits on property which he/she gains or has another person gain (hereafter referred to as an "amount of profit" in this Article) is five hundred million won or more:

1. If the amount of profit is five billion won or more: Imprisonment with labor for an indefinite term or not less than five years;

2. If the amount of profit is not less than five hundred million won but less than five billion won: Imprisonment with labor for a limited term of not less than three years.

**3. Provisions of Statute of Limitations under the *Criminal Procedure Act***

**Article 249 (Limitation Periods for Public Prosecution)**

(1) The prescription for public prosecution shall expire after lapse of the following

---

3 If the amount of profit from embezzlement is not less than five hundred million won, the Article 3(1) of the *Act on the Aggravated Punishment, Etc. of Specific Economic Crimes* applies. In the case of YOO Hyuk Kee, the subparagraph 1 of the Article 3(1) of the Act applies as well since his profits are five billion won or more.

terms:

1. 25 years for crimes punishable with death penalty;

**2. 15 years for crimes punishable with imprisonment, with or without labor, for an indefinite term;**

3. Ten years for crimes punishable with imprisonment, with or without labor, for a maximum term of not less than ten years;

4. Seven years for crimes punishable with imprisonment, with or without labor, for a maximum term of less than ten years;

5. Five years for crimes punishable with imprisonment, with or without labor, for a maximum term of less than five years; suspension of qualifications for a maximum term of not less than ten years; or a fine;

6. Three years for crimes punishable with suspension of qualifications for a maximum term of not less than five years;

7. One year for crimes punishable with suspension of qualifications for a maximum term of less than five years, misdemeanor imprisonment, a minor fine, or confiscation.

**Article 252 (Commencement of Limitation Periods)**

(1) A limitation period shall commence to run after the criminal act is completed.

**Article 253 (Suspension of Limitation Period and Its Effect)**

> (1) The limitation period shall cease to toll on the institution of the public prosecution and begin to toll when a judgment rejecting a public prosecution or a judgment indicating a violation of jurisdiction becomes final and conclusive.
>
> (2) When a public prosecution is instituted against one of several accomplices referred to in the preceding paragraph, the tolling of the limitation period shall be suspended as to the other accomplices and shall begin to toll again when a judgment on the case concerned becomes finally binding.
>
> (3) The limitation period shall be suspended during the period, for which an offender stays abroad for the purpose of escaping criminal punishment.

2.2.   The expiry date for the arrest warrant issued against YOO Hyuk Kee is the same as the statute of limitations for his offense. The arrest warrant is a legal document that provides the authority to arrest YOO Hyuk Kee for violation of the *Act on the Aggravated Punishment, Etc. of Specific Economic Crimes* (Embezzlement) until March 30, 2029, the date after which the statute of limitations expires.

## 3.   Suspension of the Statute of Limitations Pursuant to Article 253(3) of the *Criminal Procedure Act*

3.1.   The defense counsels of YOO Hyuk Kee claim that he did not flee from Korea because he has been residing in the United States since the sinking of Sewol ferry in April, 2014. However, as described in a detailed manner below, it is

acknowledged that he has stayed abroad for the purpose of escaping criminal punishment.

3.2.    The Article 253(3) of the *Criminal Procedure Act* prescribes that "The limitation period shall be suspended during the period, for which an offender stays abroad for the purpose of escaping criminal punishment."

3.3.    The Korean court determined that the suspension "is not limited to an offender who committed a crime in Korea and fled abroad for the purpose of escaping criminal punishment but includes an offender who committed a crime in a foreign country and stays abroad for the purpose of escaping criminal punishment," and that "'the purpose of escaping criminal punishment' is not limited to only the purpose of staying abroad and it is sufficient that the above purpose coexists with several other purposes of staying abroad."

> ■ **The following is from Supreme Court Decision 2015DO5916**
>
> - Article 253 (3) of the *Criminal Procedure Act* provides that "the limitations period for prosecution shall be tolled during the period, for which an offender stays abroad for the purpose of escaping criminal punishment." The legislative intent of the above provision lies in **the realization of the right to punishment in a proper manner by tolling the statute of limitations period when the offender is abroad outside the jurisdiction of the Republic of Korea for the purpose of escaping criminal punishment**. (See Supreme Court Decision 2008DO4101 on December 11, 2008)

- "An offender staying abroad for the purpose of escaping criminal punishment" defined in above provision is **not limited to an offender who committed a crime in Korea and fled abroad for the purpose of escaping criminal punishment but includes an offender who committed a crime in a foreign country and stays abroad for the purpose of escaping criminal punishment**.

- Thus, "**the purpose of escaping criminal punishment" is not limited to only the purpose of staying abroad and it is sufficient that the above purpose coexists with several other purposes of staying abroad**.

- **If the offender's staying abroad was a means of escaping criminal punishment, he/she shall be deemed as having the purpose of escaping criminal punishment during his/her stay abroad**, unless any other special circumstances are demonstrated. "The purpose of escaping criminal punishment" shall be deemed as being maintained without interruptions, unless objective circumstances exist, which clearly reveal the offender's subjective intent being inconsistent with "the purpose of escaping criminal punishment." (See Supreme Court Decision 2005DO7527 on December 9, 2005 and Supreme Court Decision 2011DO8462 on July 26, 2012)

3.4.   While staying mostly abroad during the period in which  extraditable crimes were committed, YOO committed the offenses in this case by giving instructions to his subordinates such as PARK Seung-il.

3.5.   YOO must have recognized the fact that he was under investigation because: when the investigation into the YOO family was launched after the Sewol ferry accident dated April 16, 2014, news on the investigation flooded the media; on April 30, 2014, the Korean prosecution service sent a written notification to YOO, requesting him to "appear at the Incheon DPO"; and in around May 2014, the Korean government filed a request for extradition of YOO with the U.S. as well as investigating his family members and subordinates[4].

3.6.   In the case of KIM Pil-bae - CEO of I-One-I Holdings, the YOO family's holding company – who was staying in the U.S. as well, he returned to Korea from the U.S. and voluntarily attended an interview on around November 25, 2014, after the investigation into the YOO family was launched and an arrest warrant against him was issued.

> ■ **The following is from Seoul High Court Decision 2015NO592 (defendant KIM Pil-bae)**
>
> - As discussed above, **YOO Byung Eyn**, the mastermind behind the scheme, **died during his escape**, and YOO Hyuk Kee, who obtained substantial benefits by operating **Ahae Press Inc., one of beneficiaries in the embezzlement scheme, remains at large**.
>
> - On the other hand, after the investigation on the YOO family was launched and the arrest warrant against the defendant was issued, **the defendant (KIM Pil-**

---

[4] YOO Dae Kyoon (brother of YOO) fled abroad but was arrested and detained in around July 2014; YOO Chong Somena (sister of YOO) was extradited from France to Korea and detained i n around June 2017; and PARK Seung-il (Chief Secretary of YOO) was detained in around May 2014.

> bae), who had been staying in the U.S., voluntarily came back to Korea and attended an interview on November 25, 2014. He further submitted a written confession on his willingness to confess about the case and receive fair punishment for his act. He then confessed all the facts of crime in response to the questions of the investigation authorities.

3.7.   In addition, the fact that YOO visited Korea about 5.7 times per year in average from 2001 (i.e. since his age 40) to 2013 but has not made any visit to Korea since the investigation on this case was launched in April 2014 proves that YOO himself has been well aware that he would not be able to avoid criminal punishment once he entered Korea.

| Year | Number of Entrance | Year | Number of Entrance |
|------|--------------------|------|--------------------|
| 2001 | 4 | 2008 | 11 |
| 2002 | 14 | 2009 | 4 |
| 2003 | 4 | 2010 | 5 |
| 2004 | 8 | 2011 | 3 |
| 2005 | 4 | 2012 | 4 |
| 2006 | 2 | 2013 | 4 |
| 2007 | 7 | Since 2014 | - |

**4.   Suspension of the Statute of Limitations in Accordance with Article 253(1) and (2) of the *Criminal Procedure Act***

4.1.   As discussed in paragraph 3 above, the limitation period for YOO has been suspended. In addition to suspension of limitation period due to the suspect's

escaping abroad, the Article 253 of the *Criminal Procedure Act* of Korea stipulates suspension based on prosecution of an accomplice, which applies to the case of YOO as well. It prescribes that the limitation period shall be suspended when a public prosecution is instituted against an accomplice, and toll again when the judgment on the accomplice becomes final and conclusive.

4.2.   In this case, accomplices GO Chang-hwan (CEO of Semo Co., Ltd.), YOO Chong Somena (CEO of Moreal Design Co., Ltd.), LEE Jae-yeong (CEO of Ahae Co., Ltd.), and BYEON Gi-chun (CEO of Chonhaiji Co., Ltd.) were prosecuted and tried for participating in the offenses of YOO, etc.

| Accomplice | Date of Indictment | Date of Final Decision | Period of Suspension |
|---|---|---|---|
| GO Chang-hwan | May 28, 2014 | September 10, 2015 | 469 days |
| YOO Chong Somena | June 26, 2017 | August 30, 2018 | 429 days |
| LEE Jae-yeong | May 27, 2014 | November 13, 2014 | 169 days |
| BYEON Gi-chun | May 28, 2014 | September 10, 2015 | 469 days |

4.3.   Therefore, the limitation period for YOO shall be suspended for 899 days (470 days (from May 27, 2014 to September 10, 2015) + 429 days (from June 26, 2017 to August 30, 2018); overlapping period subtracted).

5.   **Translation of "명목으로"**

5.1.   YOO Hyuk Kee's defense counsels claim that the word "명목" from the interview statements of PARK Seung-il was mis-translated as "under the pretext" when it should have been translated as "for." (In Korea's submissions, "명목" is

translated as "in the name of" or "under the pretext," in accordance with the context, on a sentence-by-sentence basis.)

5.2.   According to the National Institute of Korean Language[5], the word "명목" as a noun means "an ostensible name," or is typically used in the form of "명목으로 (a phrase composed of a noun "명목" and a postposition "으로." The phrase modifies a verb.) to mean "an excuse or a cause." (Attachment 1) When used in the "명목으로" form, the word is translated as "under the pretext [name][6]" or "in the name of[7]." Although it may appear that the word may be translated as "for" - as the defense counsel claims[8], in consideration of the context in which the expression was used, "under the pretext" is the more appropriate translation as described below.

5.3.   YOO's extraditable offense is that, although he never actually provided consulting services, etc. to his family's affiliate companies, YOO Hyuk Kee received payments from the companies, "under the pretext (명목으로)" of consulting fees, etc., thereby embezzling the funds. In this context, it is natural and reasonable that the expression of "명목으로" used above be translated as "under the pretext."

---

5 The National Institute of Korean Language is an institute under the Ministry of Culture, Sports and Tourism, and publishes the Standard Korean Language Dictionary, which serves as the stand ard for the Korean Language.
6 ET-house Korean-English Dictionary (Attachment 2)
7 Oxford English-Korean Dictionary (Attachment 3)
8 However, the defense counsels' claim that "명목으로" can be translated as "under the pretext" only when it is used with words with negative connotations, i.e. "illegally," etc., is groundless.

5.4.   The prosecutor investigated PARK Seung-il on the above charges and, consequently, it is appropriate to translate the expression used by the prosecutor ("명목으로") as "under the pretext."

5.5.   Meanwhile, by the time PARK Seung-il was investigated for participating in YOO Hyuk Kee's above-mentioned charges on May 8, 2014, PARK had been interviewed – albeit as a witness – three times already (May 1, May 2, and May 3, 2014). Therefore, on May 8, 2014, PARK Seung-il was sufficiently cognizant of the fact that he was being investigated for the above-mentioned charges and that the meaning of the expression, "명목으로," used during the interview process. As such, it is the Prosecution's assessment that the expression, "명목으로," in PARK's response be translated "under the pretext."

I hereby certify that the aforementioned are all true and correct to the best of my knowledge. I am submitting this statement of confirmation, being well-aware that I may be punished for falsely producing official documents pursuant to Article 227 of the *Criminal Act* of Korea.

December 30,   2020

Respectfully submitted by

Prosecutor KWON Geun-hwan

Incheon District Prosecutors' Office (*signed*)

Attachments

1. A screenshot of the Standard Korean Language Dictionary

2. A screenshot of the ET-house Korean-English Dictionary

3. A screenshot of the Oxford English-Korean Dictionary

Attachment  1

### Standard Korean Language Dictionary
### by the National Institute of Korean Language

| 명목 | Search |
|------|--------|

<u>View by List</u>     <u>View by Content</u>

명목

Pronunciation     [Myeongmok]

Variance          명목만 [Myeongmongman]

Sub-entry         명목적

[Noun]

1.  An ostensible name or title. Cf.  명호

    -   Then the Southerners were naturally moved to positions <u>in name only</u> with no substantial power. – KIM Dong-in, *Spring at Unhyeongung Palace*

    -   He was a director <u>in name only.</u>

2.  An excuse or cause (generally in the form of "명목으로").

    -   He kicked out the reporters under the pretext of maintenance of order.

    -   … will dispatch army under the pretext of protection of the embassy and residents … - YOO Ju-hyeon, *The Korean Empire*

    -   But they could not kick out the innocent daughter-in-law back to her parents without any cause. – LEE Mu-yeong, *Farmers*

Synonym: 명분(pretext, justifiable excuse),  명색((nominal) title)

Attachment  2

SKT 2:22                                            86%

🔒 en.dict.naver.com

명목으로

**단어·숙어** 65

**...의 명목으로**

**under the pretext[name]**

ET-house 능률 한영사전

**명목** 名目

**name, title; (구실, 이유) pretext, cause**

ET-house 능률 한영사전

**대외비라는 명목으로 정보공개를 하지 않다**

**keep information secret for security reasons**

ET-house 능률 한영사전

**명목을 만들어서**

**under some pretext or other**

ET-house 능률 한영사전

**명목 화폐**

단어장

Attachment  3



SKT 2:24 ⊡    ⏰ ◀| 5G .ıll 85%◼

🔒 en.dict.naver.com

☆   ⟳

in the name of   ⊗  ✐  🔍    Aa

### in the name of somebody/something  ⊕

1. ~의 이름[명의]으로(소유주를 나타냄)

2. ~의 이름으로(권위·대표를 나타냄)

3. ~라는 명목으로[미명 아래]

🔊 미국식   🔊 영국식

옥스퍼드 영한사전

### rejoice in the name of...  ⊕
우스꽝스러운 이름을 가지고 있다

🔊 미국식   🔊 영국식

옥스퍼드 영한사전

### in the name of goodness  ⊕
하늘에 맹세코, 도대체

🔊 미국식   🔊 영국식

단어장

YBM 올인올 idiom 사전

⟨   ⟩   ⌂   ☆   🗓   ≡ N

|||    ◯    ⟨