# BRACEWELL

January 25, 2021

**VIA ECF**

Magistrate Judge Judith C. McCarthy
The Hon. Charles L. Brieant Jr.
Federal Building and United States Courthouse
300 Quarropas Street
White Plains, NY 10601-4150

      Re:    <u>In re Extradition of Hyuk Kee Yoo, No. 20 Mag. 2252</u>

Dear Judge McCarthy:

Korea has presented its ninth submission in support of Keith Yoo's extradition. We respond in this letter.

A.    <u>Statute of Limitations</u>

    1.    Korea first argues that its statute of limitations applies and is 15 years. <u>See</u> K. Sub. ¶ 2.1 (the "statute of limitations expires after March 30, 2029"). That is plainly wrong. Under Article 6 of the United States-Korea Extradition Treaty, the applicable statute of limitations is that "of the Requested State had the same offense been committed in the Requested State." The United States is the Requested State, and the limitations period for embezzlement here is five years. Our government has conceded the point. <u>See</u> G. Mem. 32 ("the applicable statute of limitations is five years, under both federal and state law").[1]

---

[1] Korea is wrong even as to its own law. Only two of the seven counts allege a loss amount sufficient to trigger the 15-year limitations period under Korean law; the Korean limitations period is shorter for the other counts. <u>See</u> K. Sub. ¶ 2.1.

**Paul Shechtman**
**Partner**

T: +1.212.508.6107    F: +1.800.404.3970
1251 Avenue of the Americas, 49th Floor, New York, New York 10020-1100
paul.shechtman@bracewell.com    bracewell.com

AUSTIN  CONNECTICUT  DALLAS  DUBAI  HOUSTON  LONDON  NEW YORK  SAN ANTONIO  SEATTLE  WASHINGTON, DC

# BRACEWELL

January 25, 2021
Page 2

  2. Korea next argues that the statute of limitations was suspended "during the period, for which [Keith Yoo] stay[ed] abroad for the purpose of escaping criminal punishment." K. Sub. ¶¶ 3.1-3.7 (quoting Article 253(3) of the Korean Criminal Procedure Act). But that, too, is wrong. As we have noted before, the Treaty, in the second sentence of Article 6, "adopts the U.S. standard, stating that the period during which the person for whom extradition is sought fled from justice does not count towards the running of the statute of limitations." Sen. Rpt. 14.[2] That standard governs tolling on the basis of fugitivity. We recognize that the Treaty, in general, gives effect to the "[a]cts or circumstances that would suspend the expiration of the statute of limitations of either State," but that provision (the third sentence) cannot apply to tolling on the basis of fugitivity. If it did, the second sentence would be surplusage.[3] In interpreting a treaty, as in interpreting a statute, a construction that would render a part of the law redundant or inoperative is strongly disfavored. Sacirbey v. Guccione, 589 F.3d 52, 66 (2d Cir. 2009)("[a] basic canon of

---

[2] It is helpful to quote Article 6 in full:

> Extradition may be denied under this Treaty when the prosecution or the execution of punishment of the offense for which extradition is requested would have been barred because of the statute of limitations of the Requested State had the same offense been committed in the Requested State. The period during which a person for whom extradition is sought fled from justice does not count towards the running of the statute of limitations. Acts or circumstances that would suspend the expiration of the statute of limitations of either State shall be given effect by the Requested State, and in this regard the Requesting State shall provide a written statement of the relevant provisions of its statute of limitations, which shall be conclusive.

[3] Put simply, if the limitations period were tolled under the third sentence by either the Korean fugitivity standard (staying abroad) or the U.S. fugitivity standard (fleeing justice), then there would be no need for the second sentence setting out the U.S. standard.

BRACEWELL

January 25, 2021
Page 3

statutory interpretation, which is equally applicable to interpreting treaties, is to avoid readings that 'render statutory language surplusage' or 'redundant'").  Because Keith Yoo did not flee from Korea, the limitations period was not tolled by his absence.[4]

3. For the first time, more than six years after its initial extradition submission, Korea asserts that the prosecution of Keith Yoo is timely because the statute of limitations was tolled under Article 253(2) of the Criminal Procedure Act during the prosecution of his alleged accomplices.[5]  Under the third sentence of Article 6, that provision, although unknown to U.S. law, is applicable.  The question, however, is the length of the toll.  To answer that question, Korea offers this chart:

| Accomplice | Date of Indictment | Date of Final Decision | Period of Suspension |
|---|---|---|---|
| GO Chang-hwan | May 28, 2014 | September 10, 2015 | 469 days |
| YOO Chong Somena | June 26, 2017 | August 30, 2018 | 429 days |
| LEE Jae-yeong | May 27, 2014 | November 13, 2014 | 169 days |
| BYEON Gi-chun | May 28, 2014 | September 10, 2015 | 469 days |

---

[4] Korea has included a chart supposedly showing Keith Yoo's entries into Korea in the years prior to 2014.  See K. Sub. ¶ 3.7.  The chart is inaccurate; it counts exits as entries and therefore double counts.

[5] Article 253(2) reads as follows:

> When a public prosecution is instituted against one of several accomplices referred to in the preceding paragraph, the running of the limitation period shall be suspended as to the other accomplices and shall begin to run again when a judgment on the case concerned becomes finally binding.

Korea cites this provision in its submission, but translates it wrong; it confuses the words "tolling" and "running."  See ¶ 2.1 ("the tolling of the limitation period shall be suspended . . . .").

BRACEWELL

January 25, 2021
Page 4

On that basis, Korea calculates that the "limitation period for YOO [was] suspended for 899 days (470 days (from May 27, 2014 to September 10, 2015) + 429 days (from June 26, 2017 to August 30, 2018); overlapping period subtracted)." K. Sub. ¶ 4.3.

That calculation is wrong. We have submitted an affidavit from Professor Sang Hoon Han, a leading Korean expert, which explains that the statute of limitations is crime specific, and therefore one cannot add tolls across crimes. See Han Aff. ¶ 5 ("because the statute of limitation period is calculated separately for each crime, the suspension of the statute of limitation pursuant to Section 253(2) only applies to the specific crime which an accomplice is being prosecuted for"). Yoo Chong Somena is an accomplice only with respect to the alleged embezzlement from Moreal Design, and the suspension period based on her prosecution cannot be used to toll the limitation periods for the alleged embezzlement from the other three companies, in which she had no role.[6] That would seem an obvious point, but the Korean government has inexplicably ignored it.

---

[6] Professor Han gives this helpful example:

> Assuming that a specific person commits Crime A with Accomplice 1 and Crime B with Accomplice 2, the limitation period for Crime A is suspended for the specific person during the trial period of Accomplice 1 but not suspended during the trial period of Accomplice 2. This is because Accomplice 2 will not be recognized as an accomplice to the specific person in Crime A. On the other hand, the limitation period for Crime B is only suspended for the specific person during the trial period of Accomplice 2 but not suspended during the trial period of Accomplice 1. This is because Accomplice 1 will not be recognized as an accomplice to the specific person in Crime B.

Han Aff. ¶ 7.

# BRACEWELL

January 25, 2021
Page 5

If the statute of limitations is determined count-by-count, the correct calculation is this:

| Count | Date of Last Payment | Alleged Accomplice | Period of Suspension | Time Elapsed[7] |
|---|---|---|---|---|
| Semo | 3/31/14 | Go Chang-hwan | 469 days | 5 yrs. 196 days |
| Moreal | 12/31/13 | Yoo Chong Somena | 429 days | 5 yrs. 326 days |
| Ahae | 12/31/13 | Lee Jae-yeong | 169 days | 6 yrs. 221 days |
| Onnara | 12/31/11 | None | 0 | 9 yrs. 25 days |
| Chonhaiji trademark | 6/30/10 | Byeon Gi-chun | 0 | 10 yrs. 209 days |
| Chonhaiji consulting | 11/22/11 | Byeon Gi-chun | 0 | 9 yrs. 64 days |
| Chonhaiji photograph | 12/24/13 | Byeon Gi-chun | 469 days | 5 yrs. 293 days |

Thus, if the period of prosecution of the alleged accomplice is properly excluded, the five-year limitations period has run on each crime.

B.      Translation of 명목으로

In its submission, the Korean government argues that the word 명목으로 in Park Seung-il's interviews is properly translated as "under the pretext."  See K. Sub. ¶¶ 5.1-5.5.  It concedes that the word "may be translated as 'for' as the defense counsel claims," id. at ¶ 5.2, but

---

[7]      Notably, in its new submission, Korea no longer contends that the issuance of an arrest warrant for Keith Yoo in Korea tolled the statute.  Because Keith Yoo has yet to be indicted, the clock is still running.  Our calculation in the final column is done as follows: Date of this Letter - Date of Crime - Period of Suspension.  Korea treats Byeon Gi-chun as an accomplice for all three Chonhaiji embezzlement counts.  In fact, Byeon was prosecuted only for the alleged photography embezzlement, and therefore the limitations period is properly suspended only for that crime.

**BRACEWELL**

January 25, 2021
Page 6

asserts that, as used here, the word has a negative connotation. As discussed below, Korea's translation should not be credited.

       1.     Korea contends that "under the pretext" is the proper translation because Keith Yoo was being investigated for receiving illegal payments disguised as fees for "consulting services, etc. to his family's affiliate companies." Id. at ¶ 5.3. But the focus of an investigation does not determine the meaning of an ambiguous word in a specific question or answer. As Korea acknowledges elsewhere in its submission, the meaning of 명목으로 must be determined "on a sentence-by-sentence basis." Id. at ¶5.1. Moreover, the dictionaries that Korea attaches to its submission do not support its position. The ET-house Korean-English Dictionary confirms that 명목으로 can mean "under the pretext" or "for," and gives the example of "keep[ing] information secret for security reasons." Id. Attachment 2 (emphasis added). And the attachment from the Oxford English-Korean Dictionary demonstrates only that if you search "in the name of," the Korean word 명목으로 comes up as one of several possibilities. Id. Attachment 3. None of this speaks to the issue in this case.

       2.     We have attached an affidavit of Fran S. Yoon, a Korean/English interpreter with 20 years' experience, who is registered with the federal courts in New York and New Jersey, and who has previously translated in extradition matters. Ms. Yoon avers that 명목으로 has two possible meanings: (i) "for," "as," "to," or "in the name of" and (ii) "under the pretext." She gives

# BRACEWELL

January 25, 2021
Page 7

two helpful examples taken from one of the dictionaries that the Korean government has referred to:

> 다른 사람들은 그들이 재난 구호금 <u>명목으로</u> 그 돈을 받을 자격 있다고 했다.
> Others said they were entitled to the money <u>as</u> disaster relief.

> 그녀는 정치헌금이라는 <u>명목으로</u> 그에게 뇌물을 제공했다.
> She offered him a bribe <u>under the pretext [excuse] of</u> giving a political donation.

As Ms. Yoon explains, 명목으로 is ambiguous, and context dictates meaning. Yoon Aff. ¶¶ 5-7.

      3.    Turning to Park's interview, Ms. Yoon addresses two questions and answers which the Korean government has translated this way:

> Q. I ask you again. Do you admit that you collected money from affiliates including Ahae Co., Ltd. <u>under the pretext of</u> trademark royalty and consulting fees and managed the funds?
>
> A. Yes, I admit that I collected and managed the funds.
>
> Q. The analysis of Chonhaiji Co., Ltd.'s accounting data shows that, in 2013, Chonhaiji Co., Ltd. paid KRW 19,862,000,000 over 44 different remittances to AHAE PROS I&C and AHAE PRESS FRANCE, <u>on the pretext of</u> advance payment for purchasing the photographs. What do you think?
>
> A. Yes, I am aware of that.

Gov. Ex. B ¶¶ 4.2, 8.2 (emphasis added). Korea's translation suggests that Park was admitting wrongdoing in his answers. But Korea's translation is flawed. As Ms. Yoon explains, "nothing in the prosecutor's questions or Park's answers provides a basis for a negative connotation." Yoon Aff. ¶ 11. "[T]he term '명목으로' alone is not enough to justify [an] 'under the pretext of'" translation. <u>Id.</u> at ¶ 12. Thus, "for," and not "under the pretext," is the proper translation.

# BRACEWELL

January 25, 2021
Page 8

    4. In its opposition brief, our government wrote that Park's statements -- that he collected fees for Keith Yoo "under the pretext of trademark licensing fees and business consulting fees" -- are sufficient "standing alone . . . to find probable cause for all seven counts." G. Mem. 15.  But Park did not utter those words.  "Under the pretext of" is an incorrect translation.  As we have noted before, what Park did say was that he "<u>didn't think that [he] was collecting money illegally</u>."  Yoo Ex. E at 9 (emphasis added).  That translation is undisputed, and it does not provide probable cause.

                     Respectfully submitted,

                     /s/ Paul Shechtman

                     Paul Shechtman
                     BRACEWELL LLP

                     Shawn Naunton
                     ZUCKERMAN SPAEDER LLP

PS/wr